UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARMAND R. CALHOUN,<br><br>     Plaintiff,<br><br> v.<br><br>U.S. DISTRICT JUDGE BENJAMIN H. SETTLE,<br><br>     Defendant. | NO: 3:21-CV-5081-RHW<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE** |

On January 25, 2021, Plaintiff Armand R. Calhoun filed a pro se civil rights complaint against Defendant U.S. District Judge Benjamin H. Settle. ECF No. 1. On February 1, 2021, the Clerk's Office sent Plaintiff a letter regarding the reassignment to the undersigned judge and notified Plaintiff of deficiencies in the complaint. ECF No. 2. Specifically, the complaint is not signed as required by Local Civil Rule ("LCR") 10(e)(4) and LCR 11; the complaint is not accompanied by a Notice of Related Cases under LCR 3(g); and Plaintiff has failed to pay the filing fee of $402.00, or alternatively, file an application to proceed *In Forma Pauperis* ("IFP") as required under LCR 3(b) and 3(c). ECF No. 2. The Clerk's

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE ~ 1

Office gave Plaintiff until March 3, 2021 to correct the deficiencies. ECF No. 2. As of the date of this order, the Plaintiff has still not complied.

A copy of the referenced local rules is attached to this order (LCR 3, 10, 11). The Court's Local Rules can also be found online at

https://www.wawd.uscourts.gov/local-rules-and-orders.

The Court is unable to serve Defendant with the complaint until Plaintiff cures these deficiencies.

Plaintiff is hereby ordered to comply with these rules, or otherwise show cause why this case should not be dismissed **within ten (10) days of the date of this order. Failure to comply with this order may result in the termination of this lawsuit.**

Accordingly,

**IT IS HEREBY ORDERED**:

1. Plaintiff Armand Calhoun shall cure the deficiencies set forth in ECF No. 2: sign the complaint; pay the appropriate filing fee or complete an application to proceed *in forma pauperis*; complete a notice of related cases.

2. Plaintiff is directed to **SHOW CAUSE**, in writing, as to why the case should not be dismissed **within ten (10) days of the date of this order**.

/ / /

/ / /

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE ~ 2

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to Plaintiff.

**DATED** this 23rd day of March, 2021.

                                         *s/ Robert H. Whaley*
                                         Robert H. Whaley
                                 United States District Court Judge

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE ~ 3

# LCR 3

## COMMENCEMENT AND ASSIGNMENT OF ACTIONS

**(a) Civil Cover Sheet Required**

Every civil action, except civil actions filed by persons in state or federal custody challenging conviction, sentence, or conditions of confinement, shall be accompanied by a Civil Cover Sheet, Form JS-44 revised. All civil actions in which jurisdiction is invoked in whole or in part under 28 U.S.C. § 1338 (regarding patents, copyrights and trademarks) shall be accompanied by the required notice to the Patent and Trademark Office, Form AO 120, in patent and trademark matters, and by the required notice, Form AO 121, in copyright matters. These forms are available on the court's website and on the U.S. Courts website at www.uscourts.gov.

**(b) Filing Fee Required**

A party must pay the Civil Filing Fee when it files or removes any civil action except for proceedings in forma pauperis under LCR 3(c) or as otherwise exempted by law. The Fee Schedule is available on the court's website.

**(c) Proceedings In Forma Pauperis (Without Payment of Court Fees)**

At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:

(1)  Complete the in forma pauperis application approved for use in this district for the specific type of case; and

(2)  File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.

(3)  In all proceedings in forma pauperis, for a writ of habeas corpus, or under 28 U.S.C. § 2255, the marshal shall pay all fees of witnesses for the party authorized to proceed in forma pauperis, upon the certificate of the judge.

**(d) Initial Case Assignment**

Unless otherwise provided in these Rules or the General Orders of the Court, all actions, causes and proceedings shall be assigned by the clerk to judges by random selection.

**(e) Intradistrict Assignment and Reassignment**

(1)  In all civil cases in which all defendants reside, or in which all defendants have their principal places of business, or in which the claim arose in the counties of Clallam, Clark, Cowlitz, Grays Harbor, Jefferson, Kitsap, Lewis, Mason, Pacific, Pierce, Skamania,

Thurston, and Wahkiakum, the case will usually be assigned to a judge in Tacoma. In all civil cases in which all defendants reside or in which all defendants have their principal places of business, or in which the claim arose in the counties of Island, King, San Juan, Skagit, Snohomish, or Whatcom, the case will usually be assigned to a judge in Seattle. A civil action arises where a substantial part of the events or omissions that give rise to the claim occurred or where a substantial part of the property that is the subject of the action is situated. Cases removed from state court will be initially assigned to the Seattle Division or Tacoma Division according to the county where the action is pending.

(2)  In some circumstances, the court may determine or a judge will order that a case that would otherwise be considered a Tacoma case be assigned to a Seattle judge, and vice versa.

(3)  See LCR 42 for additional information regarding the intradistrict transfer of cases to facilitate consolidation.

### (f) Motions to Recuse

Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

### (g) Notice of Related Cases

(1)  A plaintiff must list all related cases in the Civil Cover Sheet and, if there are any, file a Notice of Related Cases, with its first appearance;

(2)  A removing defendant must list all related cases in the civil cover sheet and file a notice of Related Cases with its first appearance; and

(3)  Unless an action is listed as related in the Civil Cover Sheet or the original Notice of Related Cases, parties who have appeared must file a Notice of Related Cases alerting the court within five days of learning of any other action that was or is pending in this district that may be related to the party's case.

The notice should include the case number, presiding judge, and parties involved in the related case, and an explanation of the relationship between or among the cases.

(4)  An action is related to another when the actions:

(A) concern substantially the same parties, property, transaction, or event; and

(B) it appears likely that there will be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges.

**(h) Notice of Pendency of Other Action in Another Jurisdiction or Forum**

Whenever a party knows or learns that its pending case involves all or a material part of the same subject matter and all or substantially the same parties as another action that is pending in any other federal or state court, before an administrative body, or before an arbitrator, the party must file a Notice of Pendency of Other Action within five days of learning of the other action. The Notice must contain the title and case number of the other action, a brief description of the other action, the title and location of the court or other forum in which the other action is pending, a statement of any relationship between the two actions, a statement regarding whether transfer should be effected pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures) if the action is pending in another U.S. District Court, and a statement regarding whether coordination between the actions might avoid conflicts, conserve resources and promote an efficient determination of the action.

**(i) Transfer or Remand of Actions; Effective Date**

Unless otherwise ordered by the court, an order transferring a case to another district or remanding a case shall become effective 14 days after the date the order is filed.

## LCR 10

## FORM OF PLEADINGS, MOTIONS AND OTHER FILINGS

**(a) Reserved**

**(b) Reserved**

**(c) Reserved**

**(d) Size**

Page size of all pleadings, motions and other filings shall be 8 ½ x 11 inch.

**(e) Format**

All pleadings, motions or other filings should include the following:

(1) *Margins and Fonts*. No less than three inches of space should be left at the top of the first page. All other margins must be at least one inch wide, although formatted lines and numbering, attorney information, the name of the judge(s) to whom copies should be sent, and footers may be placed in the margins. Examples of correctly formatted pages are attached as Appendix A. The text of any typed or printed brief must be 12 point or larger and must, with the exception of quotations, be double spaced or exactly 24 points. Footnotes must be 10 point or larger and may be single spaced. A proportionally spaced font must be used on all typed filings.

(2) *Title*. Each pleading, motion or other filing shall contain the words "United States District Court, Western District of Washington" on the first page and, in the space below the docket number, a title indicating the purpose of the paper and the party presenting it.

(3) *Bottom Notation*. At the left side of the bottom of each page, an abbreviated title of the pleading, motion or other filing should be repeated, followed by the case number. The page number should be placed after the abbreviated title or in the middle of the bottom of each page. At the right side of the bottom of each page, the law firm (if any), mailing address and telephone number of the attorney or party preparing the paper should be printed or typed.

(4) *Dates and Signature Lines*. All pleadings, motions and other filings shall be dated and signed as provided by Federal Rule of Civil Procedure 11, LCR 11, and the court's Electronic Filing Procedures. If an original document is required to be filed with the court, any required signature thereto must also be original. The court might not consider improperly signed or unsigned documents.

(5) *Numbered Paper*. Each pleading, motion or other filing shall bear line numbers in the left margin, leaving at least one-half inch of space to the left of the numbers.

(6) *Citation to the Record*. In all cases where the court is to review the proceedings of an

administrative agency, transcripts, deposition testimony, etc., the parties shall, insofar as possible, cite the page and line of any part of the transcript or record to which their pleadings, motions or other filings refer. Citations to documents already in the record, including declarations, exhibits, and any documents previously filed, must include a citation to the docket number and the page number (*e.g.*, Dkt. # at p._) and citations to legal authority must include page numbers.

(7) *Proposed Orders.* Any document requiring the signature of the court shall bear the signature of the attorney(s) presenting it preceded by the words "Presented by" on the left-hand side of the last page and shall provide as follows:

"Dated this____day of (Insert Month), (Insert Year).

"_____

"UNITED STATES DISTRICT JUDGE [or UNITED STATES MAGISTRATE JUDGE]"

(8) *Electronic Filing of Documents*. All documents filed with the court shall be in accordance with the Electronic Filing Procedures for Civil and Criminal Cases adopted by General Order of the court. The Electronic Filing Procedures are available on the court's web site at www.wawd.uscourts.gov and from the Clerk's Office.

(9) *Courtesy Copies*. Unless otherwise ordered by the Court, when documents that exceed 50 pages in length are filed electronically, a paper copy of the document shall be delivered to the Clerk's Office for chambers. The 50–page requirement is determined by the aggregate total of pages for each filing, as defined in the court's Electronic Filing Procedures. The judge's copy shall not be delivered directly to chambers unless the judge has so instructed. The copy for chambers shall be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers." Further clarification on courtesy copies may be obtained by reviewing the assigned judge's Web page and/or the Electronic Filing Procedures for Civil and Criminal cases, available at http://wawd.uscourts.gov.

The copies of all papers must indicate in the upper right-hand corner of the first page the name of the district judge or magistrate judge to whom the copies are to be delivered. Courtesy copies must be delivered to the court no later than the business day after filing, except that courtesy copies of motions for temporary restraining orders and oppositions must be delivered the same day. Unless the court otherwise directs, the parties shall not provide duplicate copies of state court records in prisoner cases or of an administrative record filed pursuant to LCR 79(h).

In those circumstances where a judge's courtesy copy of a document is to be delivered to the court, it shall contain no items other than 8 ½ x 11 inch paper, unless larger original documents are being filed as exhibits. Copies may not be submitted in three-ring binders, but must be three-hole punched, tabbed, and bound by rubber bands or clips.

The courtesy copy must be identical to the filed copy. For electronic filers, the courtesy copy must be printed from PACER so that the CM/ECF header, which contains the cause number and docket number, appears at the top of each page. Parties should consult their

assigned judge's web page at www.wawd.uscourts.gov for additional guidance regarding courtesy copies.

(10) *Marking Exhibits*. All exhibits submitted in support of or opposition to a motion must be clearly marked with divider pages. References in the parties' filings to such exhibits should be as specific as possible (i.e., the reference should cite specific page numbers, paragraphs, line numbers, etc.). All exhibits must be marked to designate testimony or evidence referred to in the parties' filings. Acceptable forms of markings include highlighting, bracketing, underlining or similar methods of designations but must be clear and maintain the legibility of the text.

(11) *Format of Originals*. Originals of documents filed with the court shall not contain double-sided pages or items other than 8 ½ x 11 inch paper, unless double-sided or larger original documents are being filed as exhibits. If an original document is required to be filed with the court, any required signature thereto must also be original.

**(f) Name and Address of Parties and Attorneys**

Any attorney representing any party or any party not represented by an attorney must file a notice with the court of any change in address, telephone number or e-mail address. Such notice must be received by the Clerk's Office within ten days of the change. All subsequent pleadings, motions or other filings shall reflect the new address and telephone number. The address and telephone number of the party or its attorney, noted on the first pleadings, motions or other filings or as changed by individual notice, shall be conclusively taken as the last known address and telephone number of said party or attorney.

**(g) Stipulated Motions**

If the parties seek a court order related to their stipulation, they should file a stipulated motion pursuant to LCR 7(d)(1). If a stipulated motion would alter dates or schedules previously set by the court, the parties shall clearly state the reasons justifying the proposed change. Such stipulated motions should rarely be necessary, and are disfavored by the court. Stipulations and stipulated motions shall be binding on the court only if adopted by the court through an order. An order based upon a stipulation shall be sufficient if the words "It is so ordered," or their equivalent, are endorsed on the stipulation at the close thereof and if this endorsement is signed by the court.

# LCR 11

## SIGNING FILINGS; SANCTIONS

**(a) Signature**

A document signed electronically (by either a digital signature or by an attorney using the "s/ Name" convention) has the same force and effect as if the person had affixed a signature to a paper copy of the document, unless an original document is otherwise required. If an original document is required to be filed with the court, any required signature thereto must also be original. Electronic signatures must be in conformance with this district's Electronic Filing Procedures for Civil and Criminal Cases.

**(b) Notifying the Court of Settlement**

Attorneys must advise the court promptly when a case is settled or when for other reasons it will not be ready for trial at the time set. An attorney who fails to promptly notify the court may be subject to such discipline as the court deems appropriate, including the imposition of costs or of a fine.

**(c) Sanctions for Non-Participation, Non-Compliance, or Multiplying or Obstructing Proceedings**

Failure of an attorney for any party to appear at a pretrial conference or to complete the necessary preparations therefor, or to appear or be prepared for trial on the date assigned, may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against that party either with respect to a specific issue or the entire case.

An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court, or who presents to the court unnecessary motions or unwarranted opposition to motions, or who fails to prepare for presentation to the court, or who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.